

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2007

# In Re: Walter Mackay

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4890

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Walter Mackay " (2007). *2007 Decisions.* Paper 242.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/242

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4890

IN RE:  WALTER D. MACKAY, Debtor
165248 CANADA LTD., Appellant
v.
WALTER D. MACKAY

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-01020)
District Judge:  Hon. A. Richard Caputo

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2007

BEFORE:  FISHER, STAPLETON and COWEN, *Circuit Judges*,

(Filed: November 8, 2007 )

STAPLETON, Circuit Judge:

Appellee, Walter D. MacKay ("MacKay"), filed a Chapter 7 bankruptcy proceeding. 165248 Canada, Ltd. ("Canada"), was his only unsecured creditor. It had two Canadian judgments against MacKay.

On June 6, 2002, Canada filed a complaint objecting to the discharge of MacKay. Thereafter, MacKay successfully sought conversion to a Chapter 13 proceeding. Several months later, MacKay filed a motion to dismiss Canada's complaint as moot. This motion was granted without prejudice on May 20, 2003. The dismissal order was not appealed.

On December 16, 2003, the Bankruptcy Court converted MacKay's case back to a Chapter 7 case, and March 9, 2004, was established as the date to file objections to discharge. Canada did not file a new complaint objecting to discharge because its counsel did not remember that its prior complaint objecting to discharge had been dismissed. On March 15, 2004, the Court granted a discharge pursuant to 11 U.S.C. § 727. Canada thereafter moved for reconsideration of the orders of March 15, 2004 and May 20, 2003. Both motions were denied, and the District Court affirmed by order dated October 24,

2

2006.  We will affirm that order.

We will assume *arguendo* that Fed. R. Bank. 9024 does not render Fed. R. Civ. P. 60 inapplicable here.[1]  We will nevertheless affirm for essentially the reasons given by the Bankruptcy Court.

With respect to the May 20, 2003, order, we find no "mistake, oversight, or omission" within the meaning of Rule 60(a).  Mackay's failure to file a brief in support of his motion to dismiss did not in any way affect the Bankruptcy Court's order of May 20, 2003.  M.D. Pa. Local Rule 1.3.

With respect to the order of March 15, 2004, the Bankruptcy Court denied Canada's motion on the ground that vacation of that order would grant Canada no effective relief.  The Court first noted that under Rule 9006(b)(3) the Court may enlarge the time for taking action under Rule 4004(a), which sets forth the time for filing a complaint objecting to discharge "only to the extent and under the conditions stated in" that rule.  The Court then explained:

> With the impact of Fed. R. Bank. P. 9006 in mind, the Court questions what the Movant could expect to be accomplished by the granting of its Motion to reconsider the Discharge Order.  Should the Court vacate the entry of the Discharge, would the procedural posture of the case provide the Movant with a remedy?  This query is made keeping in mind that the original Complaint objecting to the discharge while this case was in the initial Chapter 7 was dismissed, and the Movant neither filed a motion for reconsideration nor an appeal of that dismissal.  In other words, there is no pending complaint objecting to discharge.  Furthermore, under Rule

[1]Read literally, Rule 9024 appears only to set a time limit for Rule 60 motions in this context.

3

4004(a), the time for filing a complaint objecting to discharge in the instant Chapter 7 had long since passed and had passed even at the time of the filing of the instant motions under consideration. With no timely request for an extension of time to file a complaint objecting to discharge under Rule 4004(b), the Court has neither discretion nor authority under Rule 9006(b)(3) to enlarge the time to file that complaint.

App. at 15a.

We agree with this reasoning, and we will affirm the District Court's order of October 24, 2006.